IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWRON LOUNDS, | ) |
| | ) |
| Plaintiff, | ) Case No.: 13-CV-1091-RDR-KGS |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| LINCARE, INC., | ) |
| Serve Registered Agent: | ) |
| The Corporation Company, Inc. | ) |
| 112 SW 7th Street, Suite 3C | ) |
| Topeka, Kansas 66603 | ) |
| | ) |
| Defendant. | ) |

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Wichita, Kansas as the place of trial.

### COMPLAINT

COMES NOW Plaintiff, Shawron Lounds, by and through the undersigned counsel, and states and alleges as follows against Defendant Lincare Inc.:

### NATURE OF THE CLAIM

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. §1981 and 42 U.S.C. §2000e *et seq.* (Title VII) and for retaliation in violation of Title VII.

### PARTIES

2. Plaintiff is a female African American who resides in the State of Kansas. At all times herein, she was employed by Defendant Lincare Inc. (hereinafter "Lincare") at is location in Wichita, Kansas.

3. Defendant Lincare is a Delaware corporation, authorized to and conducting business in the State of Kansas.

4. At all times mentioned herein, each of Defendant Lincare's employees referenced in this Complaint were the agents, servants, and employees of Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference.*

8. Plaintiff thereafter received her Notices of Right to Sue pursuant to Title VII. *A true and accurate copy of each Notice is attached hereto and incorporated herein by reference.*

9. This action has been timely filed with this Court and the Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATION

10. Plaintiff began her employment with Defendant in September of 2011. During her employment, Plaintiff held the position of Customer Service Representative.

11. During Plaintiff's employment she was the only African American individual employed in the Wichita office.

12. Plaintiff was subjected to racial slurs and comments. During her employment, Plaintiff was subjected to comments by management level employees and/or coworkers, including but not limited to the following:

- At the beginning of Plaintiff's employment, Plaintiff introduced herself in a group meeting. Plaintiff's manager interrupted Plaintiff and said "I thought it was Shanea-nea or Shaquita" while laughing at Plaintiff's name.

- Thereafter employees of Defendant referred to Plaintiff as Shaquanda and Shaniqua rather than Plaintiff's given name.

- The statement was made in Plaintiff's presence that "we should bring back lynching"

- The Manager of Plaintiff's department told Plaintiff that she should respond to the Vice President of the Company during his visit as "yes masta"

- A health care specialist of Defendant stated to Plaintiff that she had just come back from the "hood" and thought she was "going to get raped". The employee then began chanting in a song like manner "Boom nigga" while laughing.

- Thereafter employees would joke around the office saying "boom" in the presence of Plaintiff.

- Plaintiff was asked by her manager "why do black people name their kids Roshanda? You should know Shawron, you're black".

- Managers and coworkers would frequently ask Plaintiff if she was familiar with certain residential areas that were known to be black. They would ask her about the "hood" and ask her if she familiar with the "ghetto areas".

- After a patient called and threatened Plaintiff and other employee of Defendant, Plaintiff's manager stated that the caller sounded like a "big ole' black man". Plaintiff was required to deal with this individual every time he called.

- Thereafter the manager made a racial comment about the patient's name.

- Employees would make ask Plaintiff id she knew what B.O.N. meant, then saying it meant "Big 'Ol Nigger".

13. Plaintiff was also treated less favorably than similarly situated Caucasian employees in that she was not provided similar training and opportunities.

14. Plaintiff was subjected to disparate treatment based on her race as compared to similarly situated Caucasian employees in that her work more closely scrutinized and she was not provided the same assistance as other employees.

15. Plaintiff was subjected to unfair discipline and treatment as compared to similarly situated Caucasian employees.

16. On or about January 27, 2012, a co worker of Plaintiff's made a complaint to the Vice President about the race discrimination to which Plaintiff was subjected.

17. Plaintiff on this same date also made a complaint of race discrimination to the Vice President.

18. Thereafter Plaintiff made a complaint of race discrimination to Human Resources.

19. It was represented to Plaintiff by the Vice President that sensitivity training would be conducted; however, that did not occur.

20. It was represented to Plaintiff by the Human Resources Department that they would take actions to correct and prevent the discrimination; however, this did not occur.

21. Despite Plaintiff's complaints of race discrimination and Defendant's acknowledgements of such complaints, nothing was done to correct or prevent further discrimination and harassment.

22. Plaintiff thereafter experienced retaliation in addition to further race discrimination.

23. Following complaints of discrimination, managers and employees of Defendant would say in meetings and in Plaintiff's presence, "Remember everybody is

watching what you say, somebody will go and tell HR on you". It was said in a manner that made fun of Plaintiff and her complaints of discrimination.

24. Plaintiff was told by Human Resources and upper level management employees following her complaints of discrimination that she needed to "get over it"; "you need to learn how to take a joke".

25. Plaintiff was told by Human Resources and upper level management employees "We never had to deal with discrimination so we don't know how you feel"; "you need to move on"; and "racism will never change". Plaintiff was also told by Human Resources that Plaintiff's manager "did not know about slavery".

26. Plaintiff thereafter filed a Charge of Discrimination in April of 2012 alleging race discrimination and retaliation.

27. Plaintiff was thereafter received a written reprimand on or about April 26, 2012 regarding absences and alleged work performance. This was the first write up that Plaintiff received during her employment.

28. Plaintiff alleges and believes that the write up was in retaliation for filing her charge of discrimination, as well as further discrimination.

29. Plaintiff thereafter and on or about May 1, 2012, made a complaint of retaliation to the Human Resources Department.

30. Plaintiff thereafter continued to experience retaliation and filed a Charge of Discrimination on or about May 23, 2012 regarding the alleged retaliation.

31. Plaintiff thereafter continued to be subjected to race discrimination and retaliation.

32. Plaintiff experienced emotional distress as a result of the race discrimination and retaliation.

33. Plaintiff was required to take time off from work as a result of the emotional distress she experienced.

34. Plaintiff filed a written complaint with Human Resources in mid September 2012 regarding their failure to address and remedy the discrimination and retaliation she experienced.

35. Plaintiff was terminated on or about September 24, 21012 approximately one week after her complaint to Human Resources.

36. Based on information and belief, Plaintiff was terminated in retaliation for her complaints of discrimination internally, as well as to administrative agencies.

37. At all times mentioned herein, before and after, the above referenced individuals were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their employment, or their actions were expressly authorized or ratified by Defendant. Defendant is therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I
## Title VII – Racial Discrimination and Harassment

COMES NOW Plaintiff and for Count I of her Complaint against Defendant alleges and states as follows:

38. Plaintiff incorporates by reference the allegations in the preceding paragraph as if fully set forth herein.

39. During the course and scope of Plaintiff's employment, Defendant's representatives acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

40. The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

41. The actions and conduct of Defendant's representatives acting within the course and scope of employment created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

42. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

43. Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

44. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

45. Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

46. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

47. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert fees as provided by 42 U.S.C.§ 2000e 5(k); and for such other relief as this Court deems just and proper.

## COUNT II
### Title VII – Retaliation

COMES NOW Plaintiff and for Count II of her Complaint against Defendant states and alleges as follows:

48. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

49. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

50. Plaintiff's complaints of retaliation also constituted a protected activity.

51. By reason of Plaintiff's complaints Defendant retaliated against Plaintiff resulting in Plaintiff being harassed, unfairly disciplined and discharged.

52. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

53. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

54. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

55. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

56. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful retaliation provided by 42 U.S.C. §2000e *et seq,*; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fee provided by 42 U.S.C. §2000e 5k and for such other relief as this Court deems just and proper.

## COUNT III
## Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count III of her Complaint against Defendant alleges and states as follows:

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58. During the course and scope of Plaintiff's employment, Defendant's representatives, agents and employees, acting within the course and scope of their

employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on her race in the making and enforcing of a contract.

59.     Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

60.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

61.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on Counts I, II and III alleged herein.

HOLMAN SCHIAVONE, LLC

By: *s/ Anne Schiavone*
    Anne Schiavone, KS Bar# 19669
    Kirk D. Holman, KS Bar# 19558
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: aschiavone@hslawllc.com
    Email: kholman@hslawllc.com

    ATTORNEYS FOR PLAINTIFF

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO. 35657-12W

On the complaint of

Shawron Lounds

Complainant,

vs.

Respondent,

Lincare, Inc. and its Representatives

I, Shawron Lounds residing at 910 Armour Rd., Wichita, KS 67207

charge Lincare, Inc. and its Representatives whose address is 7777 E. Osie St., Ste. 301, Wichita, KS 67207

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(4) of Section 44-1009 of said Act, because of my :

( ) RACE          ( ) SEX                       ( ) ANCESTRY      (X) RETALIATION
( ) RELIGION      ( ) NATIONAL ORIGIN           ( ) DISABILITY    ( ) FAMILIAL STATUS
( ) COLOR         ( ) GENETIC INFORMATION

[ ] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my AGE.

Alleged Date of Incident, on or about April 26, 2012.

The aforesaid charges are based on the following facts:

I. I have previously filed a discrimination complaint against the Respondent, the charge number is 35554-12W.

II. I have been employed by the Respondent since September 27, 2011. I currently hold the position of Customer Service Representative.

   A. On April 26, 2012, I was subjected to a written reprimand due to absences and alleged work performance. However, similarly situated employees who have not filed a discrimination complaint against the Respondent were not subjected to a written reprimand due to similar actions. Therefore, on May 1, 2012, I made a complaint to Human Resources regarding retaliation.

EXHIBIT A

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued) Docket No. 35657-12W

III. I hereby charge Lincare, Inc. and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to a reprimand as an act of retaliation for having previously filed a discrimination complaint.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS )
)ss:
COUNTY OF Sedgwick )

X _____
(Signature of Complainant)

Shawron Lounds, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this 18 day of May, 2012      X _____
                                (Signature of Complainant)

_____
(Signature of Notary Public)

CHRISTOPHER LUTTRELL
NOTARY PUBLIC
STATE OF KANSAS
My Appl. Exp. 5/7/201?

MY COMMISSION EXPIRES:

RECEIVED MAY 23 2012 KANSAS HUMAN RIGHTS COMMISSION

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO. 35657-12W Amended

On the complaint of

Shawron Lounds

                          Complainant,

                  vs.

                          Respondent,

Lincare, Inc. and its Representatives

I, Shawron Lounds residing at 910 Armour Rd., Wichita, KS 67207

charge Lincare, Inc. and its Representatives whose address is 7777 E. Osie St., Ste. 301, Wichita, KS 67207

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(4) of Section 44-1009 of said Act, because of my :

| | | | |
|---|---|---|---|
| ( ) RACE | ( ) SEX | ( ) ANCESTRY | (X) RETALIATION |
| ( ) RELIGION | ( ) NATIONAL ORIGIN | ( ) DISABILITY | ( ) FAMILIAL STATUS |
| ( ) COLOR | ( ) GENETIC INFORMATION | | |

[ ] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my AGE.

Alleged Date of Incident, on or about April 26, 2012, to September 24, 2012.

The aforesaid charges are based on the following facts:

I.    I have previously filed a discrimination complaint against the Respondent, the charge number is 35554-12W. I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

II.    I was employed by the Respondent from September 27, 2011, to September 24, 2012. I last held the position of Customer Service Representative.

    A.    On April 26, 2012, I was subjected to a written reprimand due to absences and alleged work performance. However, similarly situated employees who have not filed a discrimination complaint against the Respondent were not subjected to a written reprimand due to similar actions. Therefore, on May 1, 2012, I made a complaint to Human Resources regarding retaliation.

(continued)
Docket No.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

B. On approximately September 17, 2012, I made a complaint to Human Resources regarding their failure to address the previous discrimination and retaliation. Subsequently, on September 24, 2012, I was terminated due to absenteeism. However, similarly situated employees were not terminated due to similar actions.

III. I hereby charge Lincare, Inc. and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to a reprimand and terminated as acts of retaliation for having previously filed a discrimination complaint against the Respondent and for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS            )
                           )ss:      X _____
COUNTY OF Sedgwick         )              (Signature of Complainant)

Shawron Lounds, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this 19th day of Oct., 2012            X _____
                                            (Signature of Complainant)

_____
(Signature of Notary Public)

MY COMMISSION EXPIRES:
12-23-2013

BETTIE THOMAS-WRIGHT
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp 12-23-2013

Bettie Thomas Wright
10/19/2012

RECEIVED

OCT 23 2012

KANSAS HUMAN
RIGHTS COMMISSION

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO. 35554-12W

On the complaint of
Shawron Lounds

                       Complainant,

            vs.

                       Respondent,

Lincare, Inc. and its Representatives

I, Shawron Lounds residing at 910 Armour Rd., Wichita, KS 67207

charge Lincare, Inc. and its Representatives whose address is 7777 E. Osie St., Ste. 301, Wichita, KS 67207

With an unlawful practice within the meaning of:
[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(1) (a)(4) of Section 44-1009 of said Act, because of my :

| | | | |
|---|---|---|---|
| (X) RACE | ( ) SEX | ( ) ANCESTRY | (X) RETALIATION |
| ( ) RELIGION | ( ) NATIONAL ORIGIN | ( ) DISABILITY | ( ) FAMILIAL STATUS |
| ( ) COLOR | ( ) GENETIC INFORMATION | | |

[ ] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my AGE.

Alleged Date of Incident, on or about September 27, 2011, to at least March 19, 2012. The aforesaid charges are based on the following facts:

I.    I am African American. I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

II.   I have been employed by the Respondent since September 27, 2011. I currently hold the position of Customer Service Representative.

    A.   From September 27, 2011, to January 27, 2012, I was subjected to derogatory racial comments, slurs, and innuendoes.

    B.   From September 27, 2011, to March 2012, I was subjected to disparate training compared to a similarly situated Caucasian employee, in that I was not provided one on one training.

    C.   From September 27, 2011, to at least March 19, 2012, I was subjected to harassment due to my race, in that I was treated in a demeaning manner, ridiculed, and teased. Furthermore, during this timeframe, I was subjected to disparate treatment compared to similarly situated Caucasian employees, in that my work was more closely scrutinized, I


EXHIBIT B

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued) 35554-12 W
Docket No.

was denied assistance, I was not provided training in a timely manner, and I was held to a different work standard. Therefore, on January 27, 2012, a co-worker made an initial complaint to the Vice President, regarding race discrimination, at which time she informed the Vice President that I was being discriminated against due to my race. Subsequently, I was questioned by the Vice President at which time I complained of race discrimination. Furthermore, on this date, I made a 2nd complaint to Human Resources regarding race discrimination. However, despite my complaint, nothing was resolved and the harassment and disparate treatment got worse which I believe is in retaliation for confirming the race discrimination.

III. I hereby charge Lincare, Inc. and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to racial comments, slurs, and innuendoes due to my race, African American, and subjected to disparate training, harassment, and disparate terms, conditions, and privileges of employment due to my race, African American, and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS                          )
                                         )ss:    X _Shawron Lounds_____
COUNTY OF _Sedgwick_____                 )            (Signature of Complainant)

Shawron Lounds, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this _6th_ day of _April_____, 2012        X _Shawron Lounds_____
                                                  (Signature of Complainant)

_Johnnie Webb_____
(Signature of Notary Public)


JOHNNIE WEBB
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-15-2012

MY COMMISSION EXPIRES:

RECEIVED APR 09 2012 KANSAS HUMAN RIGHTS COMMI

EEOC Form 161-B (11/09)       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shawron Lounds<br>910 Armour Rd.<br>Wichita, KS 67207 | From: | St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2012-00643 | Joseph J. Wilson,<br>Investigator | (314) 539-7816 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*/s/ Joseph Wilson for*
**James R. Neely, Jr.,**
**Director**

February 13, 2013
(Date Mailed)

Enclosures(s)

cc:
Chief Executive Officer
LINCARE, INC.
7777 E. Osie St. Ste. 301
Wichita, KS 67207

Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison, Suite 810
Kansas City, MO 64112



EXHIBIT C

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Shawron Lounds
910 Armour Rd.
Wichita, KS 67207

From: St. Louis District Office
Robert A. Young Bldg
1222 Spruce St, Rm 8.100
Saint Louis, MO 63103

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2012-00534 | Joseph J. Wilson, Investigator | (314) 539-7816 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_James R. Neely, Jr._
Director

February 13, 2013
(Date Mailed)

Enclosures(s)

cc:
Chief Executive Officer
LINCARE, INC.
7777 E. Osie St. Ste. 301
Wichita, KS 67207

Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison, Suite 810
Kansas City, MO 64112


EXHIBIT D